UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394, <br><br> Plaintiff, <br><br> vs. <br><br> O. NAVARRO, et al., <br><br> Defendants. | Case No.: 3:18-cv-01964-AJB-BLM <br><br> **ORDER DENYING MOTION TO CORRECT SCREENING OF COMPLAINT** <br><br> [ECF No. 10] |

LANCE WILLIAMS ("Plaintiff"), a prisoner incarcerated at Deuel Vocational Institution in Tracy, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 on August 23, 2018. (*See* Compl., ECF No. 1). In addition, he filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (*See* ECF No. 2).

On October 19, 2018, the Court DENIED Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g). (*See* ECF No. 6.) Judgment was also entered in favor of Defendants on October 19, 2018. (*See* ECF No. 7.)

1

1    Nearly two years later, on July 29, 2020, Plaintiff filed a "Motion to Correct
2 Screening of Complaint and Court Error Notice." (ECF No. 10.)

### I. Plaintiff's Motion to Reconsider

Plaintiff brings this Motion to "alert this Court and give it opportunity to get its errors corrected before the Plaintiff goes to the 9th Circuit and Judicial Commission to file complaints." (Pl.'s Mot. at 1.) Plaintiff claims that he initially filed this action "under imminent danger" exception to the "three strikes" rule of 28 U.S.C. § 1915(g). (*Id.*) Plaintiff also claims that he received notice that his case had been "accepted" by the Court on August 23, 2018 and he has been "waiting for screening results ever since." (*Id.*)

Plaintiff is "making this request to [the] Court to move this case forward under imminent danger and acknowledge their errors in doing so or face complaints for bias, prejudice, retaliation." (*Id.* at 2.)

#### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) does permit motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district

court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

### B. Discussion

Under either statute, Plaintiff's Motion is untimely. Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Pursuant to Rule 60(c)(1), a motion seeking relief from a judgment or order "must be made within a reasonable time" and if the party is seeking relief pursuant to Rule 60(b)(1), (2), or (3), is must be brought "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). While Plaintiff does not explicitly seek relief under Rule 60(b)(1), (2), or (3), he bases his Motion on the "Court's negligence" which would fall under Rule 60(b)(1). This rule provides as a ground for relief from judgment that was based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, Plaintiff is seeking relief nearly two years after judgment was entered. This is far outside the 28 day period allowed by Rule 59(e) or the one year permitted by Rule 60(b). The Court's docket does not reflect that any mail was returned undeliverable to the Plaintiff. Moreover, Plaintiff provides no reasonable explanation as to why he never inquired into the status of his Complaint for nearly two years. A review of Plaintiff's litigation history shows that he is familiar with how to contact the Court to inquire as to the status.

Accordingly, Plaintiff's Motion to "Correct Screening of Complaint," which the Court has liberally construed as a Motion for Reconsideration is DENIED.

## II. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Correct Screening of Complaint (ECF No. 10);

2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of Court is directed to strike (Doc. No. 12) from the docket, as it was docketed in error.

**IT IS SO ORDERED**.

Dated:  October 21, 2020

Hon. Anthony J. Battaglia
United States District Judge